CDF LABOR LAW LLP
   Ashley A. Halberda, State Bar No. 272762
   ahalberda@cdflaborlaw.com
   Alessandra C. Whipple, State Bar No. 308348
   awhipple@cdflaborlaw.com
18300 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 622-1661

Attorneys for Defendant and Counterclaimant
TONY'S PAINTING

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ANA M. HANSON, for and on behalf of Southern California Painting & Drywall Industries Health & Welfare Fund, Southern California Painting and Decorating Labor Management Cooperation Committee Trust Fund, and Southern California Painting & Drywall Industries Apprenticeship Trust Fund; and TIM D. MAITLAND, for and on behalf of International Painters and Allied Trades Industry Pension Fund, Finishing Trades Institute, and Painters and Allied Trades Labor Management Cooperation Initative ("IUPAT Industry Pension Funds"), <br><br>      Plaintiffs,<br>  v.<br><br>TONY'S PAINTING; and DOES 1-10,<br><br>      Defendant.<br><br>TONY'S PAINTING,<br><br>      Counterclaimant,<br>  v.<br><br>ANA M. HANSON, for and on behalf of Southern California Painting & Drywall Industries Health & Welfare Fund, Southern California Painting and Decorating Labor Management Cooperation Committee Trust Fund, and | Case No. 8:19-cv-1899 ADS<br><br>**STIPULATED PROTECTIVE ORDER** |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | Southern California Painting & Drywall Industries Apprenticeship Trust Fund; and TIM D. MAITLAND, for and on behalf of International Painters and Allied Trades Industry Pension Fund, Finishing Trades Institute, and Painters and Allied Trades Labor Management Cooperation Initative ("IUPAT Industry Pension Funds"), |
| 6 | Counterdefendants. |

# JOINT STIPULATED PROTECTIVE ORDER

By and through their respective counsel of record, Plaintiffs and Counterdefendants Ana M. Hanson, for and on behalf of Southern California Painting & Drywall Industries Health & Welfare Fund, Southern California Painting and Decorating Labor Management Cooperation Committee Trust Fund, and Southern California Painting & Drywall Industries Apprenticeship Trust Fund and Tim D. Maitland, for and on behalf of International Painters and Allied Trades Industry Pension Fund, Finishing Trades Institute, and Painters and Allied Trades Labor Management Cooperation Initiative ("Trusts") and Defendant and Counterclaimant Tony's Painting ("Tony's") (collectively "the Parties"), hereby stipulate as follows:

WHEREAS, on December 15, 2020, the Parties entered into a long-form settlement agreement wherein they agreed to resolve all claims in this matter;

WHEREAS, as a material term of the Parties settlement, Zachary Gelbart of Alsweet Associates ("Auditor"), acting as an agent of the Trusts, and Tony's entered into a Confidentiality and Non-Disclosure Agreement, which is attached hereto as Exhibit A;

WHEREAS, it is the intent of the Parties that the Confidentiality and Non-Disclosure Agreement attached hereto as Exhibit A be fully incorporated herein;

WHEREAS, the Parties agree that the Court shall retain jurisdiction to enforce this Stipulation and Protective Order and the provisions of the Confidentiality and Non-Disclosure Agreement incorporated herein;

WHEREAS, the Parties agree that any violation of this Stipulation and Protective Order may be punished by any and all appropriate measures including, but not limited to, contempt proceedings and/or monetary sanctions.

Through the instant Joint Stipulation, the Parties respectfully request the Court grant the Parties' Stipulated Protective Order as follows:

///

1. The Confidentiality and Non-Disclosure Agreement attached hereto as Exhibit A shall be fully incorporated herein;

2. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions; and

3. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the action is terminated.

**IT IS SO STIPULATED.**

Dated: December 21, 2020        CDF LABOR LAW LLP

By: /s/ Ashley A. Halberda
Ashley A. Halberda
Attorneys for Defendant and Counterclaimant
TONY'S PAINTING

Dated: December 21, 2020        ROTHNER, SEGALL & GREENSTONE

By: /s/ Michele S. Ancheta
Michele S. Ancheta
Attorneys for Plaintiffs and Counterdefendants
ANA HANSON, et al.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: 12/23/2020            /s/ Autumn D. Spaeth
HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge

# EXHIBIT A

## CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT

In exchange for the opportunity to review a digital view-only copy of Tony's Painting's ("Tony's" or "Company") unredacted Accounts Payable Ledger for the audit period of December 1, 2015 – September 30, 2018 ("AP Ledger"), Zachary Gelbart of Alsweet Associates ("Auditor"), acting as an agent of Ana M. Hanson, for and on behalf of Southern California Painting & Drywall Industries Health & Welfare Fund, Southern California Painting and Decorating Labor Management Cooperation Committee Trust Fund, and Southern California Painting & Drywall Industries Apprenticeship Trust Fund and Tim D. Maitland, for and on behalf of International Painters and Allied Trades Industry Pension Fund, Finishing Trades Institute, and Painters and Allied Trades Labor Management Cooperation Initiative ("Trusts") enter into this Agreement ("Agreement") with Tony's, which is effective as of the date this Agreement is signed by Auditor.

      1.    **Confidential Information (Defined)**: The Company has developed, compiled, and owns certain financial information, proprietary documents, private personnel and third party information, processes, and other confidential information that have great value in its business (said information is referred to in this Agreement collectively as "Confidential Information"). The Company also has regular access to confidential information of its customers, vendors, suppliers and other third parties with which the Company has a business relationship, and the Company is obligated by written and/or oral agreements to protect the confidential information of customers, vendors and suppliers from disclosure to unauthorized persons or entities. Confidential Information includes not only information disclosed by the Company to Auditor in the course of Auditor's audit for the December 1, 2015 – September 30, 2018 audit period ("Audit"), but also information developed or learned by Auditor during the course of Auditor's future audits related to subsequent audit periods. Confidential Information is intended to be broadly defined. Confidential Information includes all information that has or could have commercial value or other utility in the business in which the Company or its customers are engaged or in which they contemplate engaging. Confidential Information also includes all information of which the unauthorized disclosure could be seriously detrimental to the interests of the Company or its customers, whether or not such information is identified as Confidential Information by the Company or its customers. By example, and without limitation, Confidential Information includes any and all information concerning: (i) suppliers, vendors and customers, (ii) cost information, pricing, purchasing, and billing policies, (iii) personnel information, such as skills, compensation and contact information, staffing, and disbursements, (iv) finances, sales, profits, growth, forecast, budgets, projections, and assumptions, and (v) business plans, acquisition plans, mergers, partnerships and methods of conducting business, such as charitable or political donations and sponsorships.

      2.    **Public Information**: The non-disclosure provisions of this Agreement do not restrict the disclosure of information or materials that voluntarily have been disclosed to the public by the Company, or is otherwise known to Auditor through the public domain using lawful means.

      3.    **Protection of Confidential Information and Other Proprietary Rights**: In the course and scope of Auditor's Audit of the Company, Auditor has had and will have access to the Company's Confidential Information, by virtue of Auditor having received a copy of the AP

Ledger and other confidential Company documents. Auditor acknowledges and agrees that the Company has a reasonable interest in protecting its Confidential Information against dissemination and/or use by competitors, and further agrees that the following covenants are reasonable and necessary to hold its Confidential Information in strict confidence and to take all reasonable precautions to protect the Company's Confidential Information.

(a) At all times during Auditor's Audit of the Company, Auditor will hold in trust, keep confidential, and not disclose to any third party, including, but not limited to, other personnel at Alsweet Associates (other than as required to complete the audit as set forth in subsection (b)) or the Trusts, or make any use of the Company's Confidential Information, except for the completion of the Audit.

(b) For purposes of completing the Audit, Auditor agrees to work directly with the Company to obtain any additional supporting documentation that Auditor deems necessary for the Audit after review of the AP Ledger. Thereafter, if, after review of the additional documentation, Auditor needs to elevate a potential issue to his supervisor and incorporate it into the audit report, Auditor may discuss the matter with his supervisor, Maria Bustamante, at which time, Ms. Bustamante will have access to and may review the Company's Confidential Information, including the AP Ledger. Auditor shall be responsible for ensuring that any Confidential Information, including the AP Ledger, which was accessed and/or reviewed by Ms. Bustamante is returned in accordance with Paragraph 4 of this Agreement.

(c) In the event that Auditor is unable to complete the Audit with a digital view-only copy of the AP Ledger, the Company will provide Auditor with a digital copy of the AP Ledger in a format that permits Auditor to sort and search within the file.

(d) Auditor will not cause, and has not caused, the transmission, removal, distribution or transport of any Confidential Information from the Company without prior written approval of the Company.

(e) Auditor acknowledges and agrees that the unauthorized disclosure of Confidential Information of the Company may be highly prejudicial to the Company's interests, an invasion of privacy, and an improper disclosure of trade secrets.

4. **Return of Confidential Information.** Auditor further agrees and acknowledges that within ten (10) days of completion of the Audit, Auditor will deliver to the Company all flash drives, written materials, records, documents and copies, including any copies of the AP Ledger, and any other items that belong to the Company, including electronically stored information, which came into Auditor's possession as the result of performing the Audit of the Company, unless it is necessary for the Auditor to retain any document(s) for purposes of the Audit in relation to a finding. Auditor will return all Confidential Information in Auditor's possession or control upon completion of the Audit.

5. **Post-Audit Use of Confidential Information**: Auditor further agrees that at no time after the Audit closes will Auditor disclose Confidential Information to any person or entity, or otherwise use the Company's Confidential Information for the benefit of Auditor or any other person or entity.

1700426_1.doc

      6.    **Successors and Assigns**. This Agreement will be binding upon Auditor's heirs, executors, administrators, agents and other legal representatives and will be for the benefit of the Company, its successors and its assigns.

      7.    **Enforcement:** Auditor understands and agrees that if there is any violation of this Agreement, that a temporary restraining order, preliminary injunction and/or permanent injunction may be issued to protect the Company's Confidential Information, without prejudice to any other rights and remedies that the Company may have for a breach of this Agreement. The existence of any claim or cause of action that Auditor may have against the Company or that the Company may have against Auditor shall not constitute a defense or bar to enforcement or relief hereunder.

      8.    **Attorneys' Fees**: In the event that either party to this Agreement brings an action to enforce or affect its rights under this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs incurred in connection with such an action.

      9.    **Severability**: If any portion of this Agreement is for any reason declared invalid or unenforceable, the validity of any of the remaining portions shall not be affected thereby, and such remaining portions shall remain in full force and effect and shall be enforced and validated to the extent permitted by law.

I have read and understood and agree to abide by the terms of this Confidentiality and Non-Disclosure Agreement.

AUDITOR

Signature: *Z C Gelbart* (signed)

Print Name: Zachary C. Gelbart

Date: 10/23/20

Accepted and Agreed to:

Tony's Painting

By: _____

Date: _____

3

1700426_1.doc

6. **Successors and Assigns**. This Agreement will be binding upon Auditor's heirs, executors, administrators, agents and other legal representatives and will be for the benefit of the Company, its successors and its assigns.

7. **Enforcement:** Auditor understands and agrees that if there is any violation of this Agreement, that a temporary restraining order, preliminary injunction and/or permanent injunction may be issued to protect the Company's Confidential Information, without prejudice to any other rights and remedies that the Company may have for a breach of this Agreement. The existence of any claim or cause of action that Auditor may have against the Company or that the Company may have against Auditor shall not constitute a defense or bar to enforcement or relief hereunder.

8. **Attorneys' Fees**: In the event that either party to this Agreement brings an action to enforce or affect its rights under this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs incurred in connection with such an action.

9. **Severability**: If any portion of this Agreement is for any reason declared invalid or unenforceable, the validity of any of the remaining portions shall not be affected thereby, and such remaining portions shall remain in full force and effect and shall be enforced and validated to the extent permitted by law.

I have read and understood and agree to abide by the terms of this Confidentiality and Non-Disclosure Agreement.

AUDITOR

Signature: _____

Print Name: _____

Date: _____

Accepted and Agreed to:

Tony's Painting

By: _____

Date: OCTOBER 31, 2020

3

Confidentiality and Non-Disclosure Agreement (FINAL)